UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| AMERICAN NATURAL RESOURCES, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 25-cv-150-CDL ) ) |
| TRAVIS ALLEN, T BAR M ENERGY RESOURCES, LLC AND WHITEHORSE ENERGY, LLC, | ) ) ) ) |
| Defendants. | ) ) |

**OPINION AND ORDER**

Before the Court is the Defendants' Motion to Dismiss (Doc. 10) and Plaintiff's Response (Doc. 15). Citing OKLA. STAT. tit. 12, § 2012(B)(10), Defendants argue that Plaintiff lacked capacity to sue and maintain this action, because Plaintiff was an inactive LLC in Oklahoma and Nevada at the time this suit was filed. In response, Plaintiff represents that it inadvertently failed to file its annual certificates with the Nevada and Oklahoma Secretaries of State and became temporarily inactive December 31, 2024. However, Plaintiff sought and was granted reinstatement on May 5, 2025 in Nevada and May 19, 2025 in Oklahoma and is thus registered in good standing.

Rather than the state procedural statute, § 2012(B)(1), Rule 17(b) of the Federal Rules of Civil Procedure applies to claims of lack of capacity to sue in federal cases. As to an unincorporated association, capacity to sue is determined by the law of the state where the court is located. Fed. R. Civ. P. 17(b)(3). Under substantive Oklahoma law regarding limited liability companies, "when reinstatement . . . has become effective, the reinstatement relates back to and takes effect as if the domestic limited liability company . . . had never ceased to be in good standing and as if its articles of organization . . . had never been canceled or . . . was never withdrawn." OKLA. STAT. tit. 18, §

2055.3(B). Plaintiff cited this provision in its response brief, and Defendants did not file a reply or otherwise counter that authority.

Moreover, OKLA. STAT. tit. 18, § 2055.2(F) provides that a limited liability company "that has ceased to be in good standing [or registered] in this state may not maintain any action, suit or proceeding in any court of this state *until the domestic limited liability company or registered series has been reinstated in good standing or the foreign limited liability company or registered series has been reinstated as a foreign limited liability company* or registered series duly registered in this state." (emphasis added). Under OKLA. STAT. tit. 18, §§ 2055.2(F) and 2055.3(B), Plaintiff has been reinstated, the reinstatement relates back to and takes effect as if Plaintiff had never ceased to be in good standing, and because Plaintiff has been reinstated in Oklahoma, it may now maintain this action. Accordingly, the Motion to Dismiss (Doc. 10) for lack of capacity to sue is **denied**.

IT IS SO ORDERED this 2nd day of July, 2025.

*Christine D. Little*
Christine D. Little
United States Magistrate Judge